IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>JEFFREY FOX,<br><br>    Defendant. | 8:20-CR-155<br><br>ADOPTION OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

  This matter is before the Court on the Magistrate Judge's Findings and Recommendation (Filing 40) recommending that the Court accept Defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the Findings and Recommendation of the Magistrate Judge.

  The Court notes that at the change-of-plea hearing, the defendant was advised, as noted in his plea agreement, that "there [was] an additional special assessment, given the nature of this charge, in the amount of $17,000." Filing 46 at 10; Filing 44 at 3. A special assessment up to the amount of $17,000 would apply to Defendant's conduct under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(1), if the conduct at issue occurred after the statute was enacted, but that is not the case here. *See* 18 U.S.C. § 2259A (enacted December 7, 2018); Filing 1 (indictment charging only conduct that occurred prior to December 7, 2018). The defendant was also not advised that his conduct was subject to a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, which is applicable here and was included on the criminal cover sheet but not in the petition or plea agreement. *See* Filing 3; Filing 43; Filing 44. However, the Court finds that the omission was harmless because it did not affect the defendant's substantial rights. *See* Fed. R. Crim. P. 11(h).

Where a defendant is advised at his change-of-plea hearing of a higher monetary penalty than he will actually be subject to and proceeds to plead guilty anyway, there is no impact on the defendant's substantial rights. *United States v. Molzen*, 382 F.3d 805, 807 (8th Cir. 2004) ("Although Federal Rule of Criminal Procedure 11(c) requires the district court to explain a defendant's liability for both fines and restitution, we hold that failure to do so does not impact a defendant's substantial rights where he was warned of a potential fine larger than the actual amount of restitution ordered." (quoting *United States v. Morris*, 286 F.3d 1291, 1294 (11th Cir. 2002) (collecting cases from seven other circuits))). The Court also notes that both parties waived any objection to the Magistrate Judge's findings and recommendation. *See Peretz v. United States*, 501 U.S. 923, 936-37 (1991) (approvingly collecting cases holding the failure to object waives a claim of procedural infirmity).

Having reviewed the record, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See United States v. Gillen*, 449 F.3d 898, 903-04 (8th Cir. 2006) ("In addressing the harmless error rule of subsection 11(h) . . . error [is] significant [only if it] influence[s] the defendant's decision to plead guilty." (quoting *United States v. McCarthy*, 97 F.3d 1562, 1574-76 (8th Cir. 1996))). There is no realistic probability that Defendant's decision to plead guilty would have been changed by his being advised that he was subject to a lesser special assessment than he was initially told. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing 40) is adopted;

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

3. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

Dated this 1st day of November, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

3